# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room<br>Newark, NJ 07102<br>(973) 776-7858 |

April 21, 2014

# LETTER OPINION & ORDER

Assem A. Abulkhair
PO Box 2751
Clifton, NJ 07015

        RE: **Abulkhair v. United States Postal Service, et al.**
             **Civil Action No. 13-7796 (KM)**

Dear Litigants:

    Presently before the Court is Plaintiff's December 17, 2013 application for pro bono counsel under 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's request is denied.

**Background**

    On December 23, 2013, Plaintiff filed a complaint against the United States Postal Service and the United States of America (collectively "Defendants"). Compl. Dec. 23, 2013, ECF No. 1. Plaintiff contends that beginning in early 2002 his incoming and outgoing mail was tampered with by Defendants because of his religion and ethnicity, as he is a Moslem man of Middle Eastern descent. Compl. ¶ 18, ECF No. 1. Specifically, Plaintiff asserts claims for invasion of privacy, negligence, negligent supervision, negligence per se, intentional infliction of emotional distress, and negligent infliction of emotional distress. See Compl., ECF No.1. Plaintiff filed an application to proceed in forma pauperis on December 23, 2013, which is still pending. See IFP Appl. Dec. 23, 2013, ECF No. 1-1. On the same date, Plaintiff filed this application for appointment of pro bono counsel. Appl. for Pro Bono Counsel, Dec. 23, 2013, ECF No. 2. On April 14, 2014, the Court granted Plaintiff's application to proceed in forma pauperis. ECF No. 7.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron v. Grace. Montgomery, 294 F.3d at 498–99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron 6 F.3d at 155.) If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F3d at 157–58. Also, the Court of Appeals of the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (Parham, 126 F.3d at 458.)

### (1) **Ability to Present the Case**

When the Court is analyzing the plaintiff's ability to present his or her own case, it will look to factors such as the plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156; Spruill v. Bendl, Civ. No. 06-4827, 2007 WL 1231791 at *3 (D.N.J. 2007) (stating that where a plaintiff's complaint is difficult to understand due to a lack of education and/or literacy, this factor is weighed toward appointment of counsel). That a plaintiff has had prior experience with litigation and the legal system in general weighs against appointment of counsel because it suggests the plaintiff's familiarity with the process and with what he should be doing in furtherance of his claim. See Gordon v. Gonzalez, 232 Fed. Appx. 153, 157 (3d Cir. 2007) ("The numerous pro se filings in this case alone evince [the plaintiff's] familiarity with the legal system," which weighs against appointing counsel); Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. 2008) (denying appointment of pro bono counsel and noting plaintiff's ability to present "a coherent complaint asserting various points of law, and the instant motion for appointment of counsel"); Rhett v. Fireman's Ins. Co., Civ. No. 09-2727 (D.N.J. 2009) (Shwartz) (the fact that plaintiff had been a plaintiff in numerous lawsuits weighed against appointment of pro bono counsel). Under this

factor, the Court will also consider the plaintiff's "access to necessary resources like a typewriter, photocopier, telephone, and computer," Parham, 126 F.3d at 459, because a lack of access to these devices may prevent a plaintiff from effectively representing himself.  Similarly, the Court will consider whether a plaintiff is incarcerated during the lawsuit, which may hinder his ability to present his case.  Tabron, 6 F.3d at 156; Montgomery v. Pinchak, 294 F.3d 492, 502 (3d Cir. 2002) (noting that plaintiff's confinement prevented him from deposing defendants which led to other obstacles during the discovery process).

Here, the Plaintiff has not indicated in his application his inability to present an effective case. Rather, the only concern listed is that an attorney is needed for discovery. See Appl. for Pro Bono Counsel, Dec. 23, 2013, ECF No. 2. However, every case in the federal court system will require discovery by the parties. Therefore, simply stating that a lawyer is needed for discovery is insufficient to warrant a finding that the Plaintiff is unable to present his or her own case. Plaintiff indicates that he has had 16 years of education. See IFP Appl. Dec. 23, 2013, ECF No. 1-1. Plaintiff communicates clearly and filed "a coherent complaint asserting various points of law," which cuts against appointment of counsel.  Burns, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3. Thus, because Plaintiff has not provided any indication as to why he would be incapable of presenting his own case, this factor weighs in favor of not appointing pro bono counsel.

### (2) The Complexity of the Legal Issues

In situations in which a plaintiff is asserting a legally complex claim or one in which the law is not clear, "it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (internal quotation marks omitted).  Additionally, in early stages of the litigation, some courts will determine that appointment of counsel is not yet appropriate because the legal theories have not yet been elicited through the litigation process, and it is too early to determine if the legal issues will be complex enough to warrant appointment of counsel.  See Burns at *3.

Here, Plaintiff provides no explanation in his application as to why his claims are so complex as to warrant the need for appointment of pro bono counsel. Moreover, the litigation is so nascent that it is unclear at this stage whether the proceedings will become complex enough to warrant the appointment of counsel. Thus, this factor similarly weighs against the Plaintiff.

### (3) The Degree to Which Factual Investigation Will Be Necessary

Under this factor, courts will consider the plaintiff's ability to gather facts that will be necessary to support his claim. Montgomery, 294 F.3d at 503.  This analysis becomes especially relevant in cases where the plaintiff is incarcerated and is necessarily limited in the investigation he can conduct; however, the mere fact that plaintiff is incarcerated does not necessarily require the appointment of counsel. See Clinton at *11 (where discovery was complete and plaintiff did not express any particular discovery challenges, appointment of counsel was not appropriate); Al-Wahid Ali v. DOC, Civ. No. 08-2425, 2008 U.S. Dist. LEXIS 74975, at *10 (D.N.J. 2008) (stating that "[e]ven though plaintiff is imprisoned, he nevertheless has access to a legal library and the ability to obtain discovery needed to pursue his claim" which weighed against appointment of counsel).  Additionally, under this factor the court will assess any resistance the

plaintiff receives from the defendant during the discovery process. See Graham at *3 (granting appointment of pro bono counsel when claim was made against parties from a prison); Montgomery, 294 F.3d at 503 (factor weighed in favor of appointment of counsel because plaintiff "encountered significant resistance from Defendants in responding to his pro se discovery motions"). In analyzing this factor, the court will also consider whether the case will require an extensive discovery period that may require the plaintiff to apply complex discovery rules. Tabron, 6 F.3d at 156. Other cases, such as medical malpractice cases, may require a plaintiff to piece together complex medical records and facts, which supports an appointment of counsel. Parham, 126 F.3d at 460.

Here, Plaintiff provides no information in his application as to why he would be unable to conduct factual discovery on his own. Plaintiff is not incarcerated, he has knowledge of his claims, and there is no indication that discovery will be unduly burdensome or require Plaintiff to work with complex discovery rules. This factor weighs against appointment of counsel.

### (4) Whether a Case Will Turn on Credibility Determinations

The court in Tabron noted that when a case requires the factfinder to make credibility determinations, "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Tabron at 156 (internal quotation marks omitted). The Third Circuit has stated that because most cases require at least some credibility determination, in analyzing this factor, the court should focus on "whether the case was solely a swearing contest." Parham at 460. Such a "swearing contest" occurs when the resolution of the case "may well depend on nothing more than whom the finder of fact believes." Wassell v. Youkin et al., Civ. No. 07-326, 2008 U.S. Dist. LEXIS 1820 at *14 (W.D. Pa. 2008). If the case cannot be so described, this factor would weigh against appointment of counsel. See Montgomery at 505. Similarly, in cases where other important evidence would be required in addition to a credibility determination, this factor weighs less in favor of appointing counsel. See Clinton at *11 (emphasizing that this factor analyzes whether the case will be solely a swearing contest); see also Montgomery at 505.

Here, it is too early to determine whether the case will result in a "swearing contest." Parham at 460. As the court in Lozada v. Casale explained, when "no defendant has entered an appearance, let alone offered a defense, . . . it is too early to conclude that th[e] case will be 'solely' a swearing contest". CIV.A. 13-2090, 2013 WL 6635846 (D.N.J. Dec. 16, 2013). Here too, Defendants have not entered an appearance or asserted a defense. Thus, it is too early to ascertain whether the case will turn on a credibility determination. Therefore, this factor also weighs against appointment of pro bono counsel.

### (5) Expert Witnesses

When expert witnesses are required in a case, especially in cases of medical injury, appointment of counsel may be appropriate. See Parham at 460 ("A medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend. Hence, most of these cases require expert testimony."). See also Montgomery at 504-05 (finding that where a plaintiff lacked medical records to prove his injury and needed to rely on

experts to explain the seriousness of his injury, this factor weighed in favor of appointing counsel). However, expert witnesses are not required in all medical circumstances, and in situations where expert witnesses are not essential to a plaintiff's case, appointment of counsel becomes less appropriate. See Clinton at *12 (stating that where plaintiff's injuries would be "apparent to a lay person" appointment of counsel was not appropriate); Montgomery at 504 ("Heart disease and HIV, unlike, for example, broken legs or bullet wounds, do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person.").

Plaintiff has offered no indication that expert testimony will be required. Therefore, this factor also weighs against appointing counsel.

### (6)  Whether Plaintiff Can Attain His Own Counsel

When determining whether a plaintiff is able to attain his own attorney, a court will assess whether or not the plaintiff is able to afford an attorney, as well as whether the plaintiff has made any effort to obtain an attorney himself before seeking the court's assistance. Tabron at 157 n.5 (noting that when a plaintiff was able to afford counsel but made no effort to find counsel himself, the court should not appoint counsel on his behalf); Thompson v. Union County Div. of Soc. Serv., Civ. No. 07-4928, 2008 U.S. Dist. LEXIS 62077, at *7 (D.N.J. 2008) ("Pro bono counsel is an extremely limited resource and the Court is reluctant to appoint counsel to an individual who has not demonstrated an effort to acquire his own representation."). A court will also consider whether the plaintiff has successfully made an application to proceed in forma pauperis, because this lends credence to the claim that the plaintiff is unable to afford his own counsel. See Montgomery at 505. However, the fact that a plaintiff cannot afford his own attorney does not by itself require a court to appoint counsel; if a plaintiff is indigent but the other Tabron factors are not met, counsel should not be appointed. See Clinton at *12-13.

Here, Plaintiff has applied to proceed in forma pauperis, which suggests that Plaintiff is unable to afford his own attorney. However, as the court in Clinton noted, this factor alone, if the other Tabron factors are not met, will not be enough to warrant appointing pro bono counsel. Clinton at *12-13. Therefore, while this factor is met, appointment of pro bono counsel is still not appropriate.

### CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

/s Michael A. Hammer_____

**United States Magistrate Judge**

Dated: April 21, 2014