UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Aseem A. ABULKHAIR** | Civ. No. 2:13-7796 |
| Plaintiff, | (KM)(MAH) |
| v. | |
| UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA, | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendants United States Postal Service and United States of America (collectively the "government") (ECF No. 12) to dismiss the complaint (ECF No. 1) of Plaintiff Aseem A. Abulkhair pursuant to Fed. R. Civ. P. 12(b)(6). I decide the motion without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the motion to dismiss is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

I.   **BACKGROUND**[1]

The plaintiff, Aseem A. Abulkhair, is a resident of New Jersey. (Compl. ¶1). Abulkhair sues the Postal Service and the United States as the "employer, governing body, and supervisor" of the Postal Service. (Compl. ¶5).[2]

---

[1] The facts that follow are taken from the complaint (ECF No. 1). They are assumed to be true solely for the purposes of the motion to dismiss.

[2] Abulkhair emphasizes that each of his allegations apply to the Postal Service, the United States, as well as unknown co-conspirators. (Compl. ¶16).

1

Abulkhair alleges that the government is tampering with his incoming and outgoing mail because he is a Muslim of Middle Eastern origin. (*Id.* ¶18). He alleges that this began "in early 2002 or following the events of September 11th," and that it continues to this day. (*Id.*). Specifically, he alleges that the government embarked on a "secret campaign of opening [Abulkhair's] private mail . . . including all letters coming from state and federal court and all correspondence coming within the United States and abroad." (*Id.* ¶19). Abulkhair also alleges that the government intercepted his outgoing mail and "subject[ed] him to other forms of extreme mental, physical, and economic coercion and cruelty" by delaying this outgoing mail, which resulted in his incurring late fees on payments to his creditors. (*Id.* ¶20).

Abulkhair also alleges that the Postal Service and the United States entered into a conspiracy with others whose "true names and capacities" he does not know, and who are therefore not included as defendants in this action. (*Id.* ¶¶8, 10).

In response to the alleged mail tampering, Abulkhair complained to the local post office staff and showed them his opened mail. (*Id.* ¶21). The local staff provided Abulkhair with contact information for the postal inspector's office. (*Id.*) Abulkhair alleges that after several attempts to contact the postal inspector's office, he has not received a reply. (*Id.* ¶¶21–22).

Abulkhair alleges the following causes of action: (1) invasion of privacy (*Id.* ¶¶24–27); (2) negligence (*Id.* ¶¶28–30); (3) negligent supervision (*Id.* ¶¶31–35); (4) negligence per se (*Id.* ¶¶36–40); (5) intentional infliction of emotional distress (*Id.* ¶¶41–43); and (6) negligent infliction of emotional distress (*Id.* ¶¶44–48). Abulkhair asks for

---

For simplicity, I will refer to the defendants as the "government." I do not address any potential claims against unnamed individuals.

damages, an injunction, and any other relief the Court deems just and proper. (*Id.* Prayer for Relief).

## II. DISCUSSION

### a. Rule 12(b)(6) standard

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

As the Third Circuit instructed post-*Iqbal*, "conclusory or 'bare-

bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Iqbal*, 556 U.S. at 662). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555).

A plaintiff alleging a conspiracy must plead more than "vague inferences and allegations." *Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. App'x 167, 169 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 556). "Bare assertions of joint action or a conspiracy are not sufficient to survive dismissal at the pleading stage." *Id.* Rather, the plaintiff must "demonstrate[] the existence of any concerted effort" among the defendants. *Id.*

Abulkhair is of course appearing *pro se*. A *pro se* complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### b. Rule 12(b)(6) analysis

The government moves to dismiss Abulkhair's complaint because it is devoid of substantive factual allegations.[3] Because Abulkhair includes

---

[3] The government also moves to dismiss Abulkhair's negligent infliction of emotional distress claim on the grounds that this Court does not have jurisdiction over the claim under the Federal Tort Claims Act. (Defs. Mot. 8,

4

only conclusory allegations in his complaint, he fails to state any plausible claim for relief.

Abulkhair states that, for over a decade, the Postal Service, the United States, and unknown agents and employees have been tampering with his incoming and outgoing mail because he is a Muslim and from the Middle East. (Compl. ¶¶18-20). His only individual reference is to a local Clifton, New Jersey Postmaster—whom he simply alleges to be a co-conspirator. (Id. ¶9). The remaining paragraphs in his complaint contain an explanation of his complaints to his local post office staff (Id. ¶¶21-22) and general accusations such as "Defendants, and each of them, unlawfully and intentionally and/or negligently violated Plaintiff's privacy and confidential life by their immoral uncivilized conduct and indecency." (Id. ¶¶19-20).

As the government points out, Abulkhair does not allege who tampered with his mail, how any alleged co-conspirator tampered with the mail, or the dates of the alleged tampering—other than to generally state that it has been occurring for over a decade. (Defs. Mot. 5-7, ECF No. 12). He certainly does not allege any facts to support a plausible inference that any individuals or agencies conspired to tamper with his mail. Without any details of who, what, when, where, or why to support his allegations, this Court cannot make any inferences that would support a plausible claim for relief.

The additional allegations Abulkhair makes in his opposition to the government's motion to dismiss do not save his complaint. (Pl. Opp. 1-2, ECF No. 14). Abulkhair attempts to support the allegations in his complaint by stating that it took eleven days for a letter sent by the U.S. Attorney's Office to reach his home and that a letter he sent took seven

---

ECF No. 12). Because Abulkhair's entire complaint so clearly fails to state a claim under Rule 12(b)(6), I do not address the jurisdictional issues with Abulkhair's individual tort claims.

days to reach a post office in New York. (*Id.*). This, he argues, illustrates the "outrageous, unexplained and unjustifiable immoral spying and invasion of privacy" and "constitute[s] substantial proof and concrete evidence to this Court of Defendants' relentless violations." (*Id.*). Of course, this Court may only consider the allegations contained in Abulkhair's complaint on a Rule 12(b)(6) motion. However, even if these additional assertions were included in Abulkhair's complaint, this Court still would not be able to infer a plausible claim from them.

Abulkhair also argues that although he does not currently know the names of the individuals allegedly responsible for tampering with his mail, that he will obtain this information through discovery. (*Id.* 6). However, Abulkhair does not allege sufficient facts to make it to the discovery phase. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

As was the case in *Abulkhair v. President of U.S.*, 494 F. App'x 226 (3d Cir. 2012) and *Abulkhair v. Bush*, 413 F. App'x 502 (3d Cir. 2011), Abulkhair's conclusory statements here fall far short of the *Iqbal* and *Twombly* pleading standard. *See Abulkhair v. President of U.S.*, 494 F. App'x at 230 ("Abulkhair's conclusory statements that only Muslims experienced delays was not enough to state a claim under the Fifth Amendment."); *Abulkhair v. Bush*, 413 F. App'x at 507 ("As in *Iqbal*, Abulkhair's conclusory assertions against the federal officials have not 'nudged [his] claims of invidious discrimination across the line from conceivable to plausible,' so as to be entitled to a presumption of truth, as is required to survive a motion to dismiss." (citing *Iqbal*, 129 S. Ct. at 1950–51)).

Indeed, the complaint only alleges the sort of "'naked assertion[s]' devoid of 'further factual enhancement'" that *Iqbal* and *Twombly* deemed

6

impermissible. *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555). This is not a matter of the sufficiency of the factual allegations; this complaint sets forth virtually no substantive factual allegations at all. It does not state or even suggest a plausible claim.

### III.   CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

Dated: February 27, 2015

_____
**KEVIN MCNULTY**
**United States District Judge**